<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 26, 2026

David L. Wikstrom
Javerbaum, Wurgaft, Hicks, Wikstrom & Sinins
959 S. Springfield Avenue
Springfield, NJ 07081
*Counsel for Plaintiff*

Sean Charles Garrett
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932
*Counsel for Defendant WhaleCo, Inc.*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:** ***Carmen Sylvester v. Shen Zhen Fan Yin Electronics Co., LTD et al., Civ. No. 25-15285 (SDW) (LDW)***

Counsel:

Before this Court is Defendant Whaleco, Inc.'s d/b/a Temu ("Temu" or "Defendant") Motion to Compel Arbitration and Stay the Action Pending Completion of Arbitration (D.E. 6-1 ("Motion"))[1], pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441. This Opinion is issued without oral argument pursuant to Rule 78. For the reasons set forth herein, Defendant's Motion is **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2024, Carmen Sylvester ("Plaintiff") was using a meat grinder/tenderizer attachment ("meat grinder") for her KitchenAid mixer, manufactured and sold by Temu, when a

---

[1] Citations to "D.E." refer to the docket entries for the parties' motion papers, including briefs and the documents attached to and referenced therein.

piece of meat became lodged in the grinder. (D.E. 1-1 ("Compl.") ¶¶ 1, 4.) When Plaintiff attempted to dislodge the meat, her ring and middle fingers were pulled into the grinder, causing serious and permanent injuries and requiring several surgeries. (*Id.* ¶ 4; D.E. 7 at 8.)

To purchase the meat grinder on the Temu website, Plaintiff was required to create an account by providing her email address and picking a password. (D.E. 7 at 9.) During registration, Plaintiff was not required to acknowledge or affirmatively click a box accepting Temu's Terms of Use ("Terms"), nor did she see the hyperlink to the Terms on the registration screen. (*Id.*) Plaintiff was never required to interact with the Terms of Use to register or complete her purchase and therefore had no opportunity to review Temu's arbitration agreement provision, which requires arbitration of all claims arising from purchases made on the website. (*Id.* at 10.)

On August 4, 2025, Plaintiff filed this action against Defendant[2] in the Superior Court of New Jersey, Essex County, and served Defendant on August 8, 2025. (D.E. 1 at 1–2.) Temu timely removed this action to this Court on September 5, 2025 and moved to compel arbitration on October 27, 2025. (*See generally* D.E. 1; D.E. 6.) Timely briefing ensued. (*See* D.E. 6, 7, 8.)

## II.    <u>LEGAL STANDARD</u>

The FAA was enacted to ensure the enforcement of private arbitration agreements. *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344 (2011); 9 U.S.C. § 2 (providing that written arbitration agreements "shall be valid, irrevocable, and enforceable"). Before compelling arbitration under the FAA, a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Saleh v. Udemy, Inc.*, No. 23-02207, 2024 WL 1231343, at *2 (D.N.J. Mar. 21, 2024) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). Questions of arbitrability—whether the parties agreed to arbitrate a particular claim—are presumptively for the court to decide unless the parties have clearly and unmistakably provided otherwise. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 79 (2002) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).

In determining whether a valid arbitration agreement exists, courts apply either the Rule 12(b)(6) or Rule 56 standard. *Saleh*, 2024 WL 1231343, at *3 (citing *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015)). When arbitrability is apparent on the face of the complaint, the Rule 12(b)(6) motion to dismiss standard applies. *Id.* If arbitrability is not apparent from the pleadings, the court applies the summary judgment standard under Rule 56. *Id.* Even when the complaint does not expressly reference the arbitration agreement, Rule 12(b)(6) may still govern when applying that standard is consistent with the FAA's goal of efficient dispute resolution. *Id.* (quoting *Benedict v. Guess, Inc.*, No. 20-4545, 2021 WL 37619, at *4 (E.D. Pa. Jan. 5, 2021)). Thus, when a contract containing the arbitration provision is integral to the plaintiff's claims and the nonmoving party offers no competing evidence, courts apply the Rule 12(b)(6)

---

[2] The remaining Defendants are affiliated entities of Temu or are fictitious and presently unidentified.

standard. *See id.* Here, although the arbitration agreement is not a part of Plaintiff's Complaint, it is integral to her claims. Accordingly, the Rule 12(b)(6) standard applies.

### III.    DISCUSSION

Temu moves to compel arbitration of Plaintiff's claims. Temu contends that it repeatedly provided Plaintiff with conspicuous notice that completing her purchase on Temu's website constituted assent to the Terms of Use, and that Plaintiff agreed to the Terms—which includes an arbitration provision requiring that disputes between the customer and Temu be resolved through arbitration—through an enforceable clickwrap agreement. (D.E. 6-1 at 22–33.) Plaintiff responds that she did not waive her right to a jury trial because she could not assent to an arbitration agreement she neither knew about nor affirmatively accepted. (D.E. 7 at 11–16.) Plaintiff further argues that Temu's Terms functioned as a browsewrap agreement, not a clickwrap agreement, because she could create an account and use the website without ever reviewing or assenting to the Terms. (*Id.* at 16–23.)

### A. The Parties Formed a Valid Agreement to Arbitrate

#### i.    Temu Provided Reasonably Conspicuous Notice of its Terms

Arbitration is a matter of contract, and a party cannot be compelled to arbitrate a dispute absent their agreement to do so. *AT & T Techs., Inc.*, 475 U.S. at 648. As an initial step, a court must determine that the arbitration agreement is valid and enforceable.[3] *Saleh*, 2024 WL 1231343, at *2.

New Jersey courts have long addressed contract disputes arising from consumer web-based contracts. *Erasmus v. LegalZoom.com, Inc.*, No. 24-7831, 2025 WL 1122237, at *5 (D.N.J. Apr. 15, 2025) (quoting *Santana v. SmileDirectClub, LLC*, 292 A.3d 529, 533 (N.J. Sup. Ct. App. Div. 2023)). One common form of web-based contract is a clickwrap agreement, which requires users to assent to terms and conditions by clicking a dialog box (or similar mechanism) to proceed with an online transaction or other action. *Id.* (quoting *Santana*, 292 A.3d at 533). Although electronic, clickwrap agreements are considered to be writings because they are printable and storable, and courts routinely enforce them because the affirmative act of clicking manifests assent and places users on notice of the terms they are agreeing to. *Skuse v. Pfizer, Inc.*, 236 A.3d 939, 953 n.2 (N.J. 2020) (quoting *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 236 (E.D. Pa. 2007)); *Davis v. Dell, Inc.*, No. 07-630, 2007 WL 4623030, at *4 (D.N.J. Dec. 28, 2007). Consistent with these principles, courts regularly enforce arbitration agreements where the website provides reasonably

---

[3] This Court need not address whether this dispute falls within the scope of the arbitration agreement because the agreement clearly and unmistakably delegates questions of arbitrability to the arbitrator. *See Singh v. Uber Techs. Inc.*, 939 F.3d 210, 215 (3d Cir. 2019). Temu's arbitration agreement provides that an "arbitrator shall have exclusive authority to resolve any Dispute. . . arising out of or related to the interpretation or application of the Arbitration Agreement . . ." (D.E. 6-1 at 33–34.) Accordingly, the agreement contains a clear delegation clause and any inquiry into scope is left to the arbitrator. Additionally, because Plaintiff does not assert a federal statutory claim, this Court need not consider whether any federal claim is arbitrable. (*Id.* at 36.)

conspicuous notice that proceeding with the transaction constitutes assent to the site's terms and conditions. *Erasmus*, 2025 WL 1122237, at *5 (finding an arbitration agreement valid where the Terms of Service hyperlink was presented in a clear font and located conspicuously directly above the "Agree and Pay Now" button"); *Lloyd v. Retail Equation, Inc.*, No. 21-17057, 2022 WL 18024204, at *10 (D.N.J. Dec. 29, 2022) (holding that the plaintiff agreed to defendant's terms of use by clicking a button to place an order during checkout where the terms were hyperlinked above the "PLACE ORDER" button); *Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757, 2018 WL 4259845, at *6 (D.N.J. July 18, 2018) (enforcing an arbitration agreement where the plaintiff agreed to the defendant's terms and conditions by tapping "Next" to place an order).

In evaluating whether the notice was reasonably conspicuous, courts consider the "style or mode of presentation, or the placement of the provision." *Hite v. Lush Internet Inc.*, 244 F. Supp. 3d 444, 451 (D.N.J. 2017) (quoting *Hoffman v. Supplements Togo Mgmt., LLC*, 18 A.3d 210, 217 (N.J. Sup. Ct. App. Div. 2011)). Importantly, a user may be bound even without evidence of actual notice if a reasonable user would have been on notice of the terms. *Erasmus*, 2025 WL 1122237, at *5 (quoting *Santana*, 292 A.3d at 535)). Once reasonable notice is established, a party is bound by the terms even if they fail to read them. *Noble v. Samsung Elecs. Am., Inc*, 682 F. App'x 113, 116 (3d Cir. 2017) (citing *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 30 (2d Cir. 2002)).

Here, the parties formed a valid agreement to arbitrate because Temu's sign-in screens provided Plaintiff with reasonably conspicuous notice of the Terms. First, when Plaintiff registered and logged into her account, Temu displayed a hyperlink to its Terms. (D.E. 6-1 at 28.) The screen advised that "[b]y continuing, you agree to our Terms of Use and Privacy Policy", with the hyperlinked Terms appearing on the same page and immediately below the "Continue" button. (*Id.*) Second, after Plaintiff entered her email address, Temu presented a password-entry screen that again provided access to the Terms via hyperlink and notified Plaintiff that signing in constituted agreement to the Terms and Privacy Policy. (*Id.* at 28–29.) The notice appeared in a single prompt positioned close to the assent button, and the hyperlink was displayed in a contrasting blue, bolded, and underlined text—features that support a finding that the style, presentation, and placement rendered the notice reasonably conspicuous. (D.E. 8 at 17.) Accordingly, the Complaint's allegations and Temu's supporting screenshots show that Plaintiff was presented with the Terms of Use and had an adequate opportunity to review them before agreeing to arbitrate disputes with Temu.

> ii. The Distinction Between Browsewrap and Clickwrap Agreements is Immaterial

Plaintiff contends that Temu's website used a browsewrap—not a clickwrap—agreement, and that as a result, she did not assent to the Terms of Use. (D.E. 7 at 16–23.) Browsewrap agreements are typically presented as a hyperlink on the bottom of a website's homepage and purport to bind users to the terms by virtue of simply visiting or "browsing" the site. *Lloyd*, 2022 WL 18024204, at *5 (citing *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014)). Unlike clickwrap agreements, "where users must click on an acceptance after being presented with terms and conditions . . . browsewrap agreements do not require users to expressly manifest

4

assent." *Id.* (quoting *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 331 (W.D. Pa. 2020)). Regardless of the label, the most important inquiry is whether the website's design and content provided the user with reasonable notice of the applicable terms. *Id.* (quoting *Aminoff & Co. LLC v. Parcel Pro, Inc.*, No. 21-10377, 2022 WL 987665, at *4 (S.D.N.Y. Apr. 1, 2022)). Here, Plaintiff's browsewrap/clickwrap distinction is immaterial because courts have found that the same sign-in page and materially identical language from Temu's website provided reasonably conspicuous notice. *Hu v. Whaleco, Inc.*, 779 F. Supp. 3d 265, 282 (E.D.N.Y. 2024); *Ziboukh v. Whaleco, Inc.*, 795 F. Supp. 3d 349, 391 (E.D.N.Y. 2025); *Silva v. WhaleCo, Inc.*, No. 24-02890, 2024 WL 4487421, at *4 (N.D. Cal. Oct. 10, 2024).

          iii.     Under either New York or New Jersey law, Plaintiff Had Reasonably Conspicuous Notice of Temu's Terms

New Jersey courts generally enforce contractual choice of law provisions governing private disputes, so long as the chosen law does not contravene New Jersey's public policy. *Portillo v. Nat'l Freight, Inc.*, 323 F. Supp. 3d 646, 651 (D.N.J. 2018) (quoting *Instructional Sys., Inc. v. Computer Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)). Here, Temu's Terms require the application of New York law. This Court's analysis is the same under either New Jersey or New York law, as New York courts likewise uphold the validity of clickwrap agreements and find assent when a user registers for an account and completes a purchase after receiving reasonably conspicuous notice of the terms. *See Starke v. Gilt Groupe, Inc.*, No. 13-5497, 2014 WL 1652225, at *3 (S.D.N.Y. Apr. 24, 2014). Indeed, courts applying New York law have evaluated the same sign-in screens from Temu's websites and concluded that Temu provided conspicuous notice of its Terms, compelling arbitration. *Hu*, 779 F. Supp. 3d at 282; *Ziboukh*, 795 F. Supp. 3d at 391.

      B.  <u>Federal Law Requires a Stay Pending Arbitration of this Matter</u>

When an action is filed on a claim subject to arbitration, the court, upon application of the moving party, must stay the litigation pending completion of arbitration. 9 U.S.C. § 3; *Lloyd v. HOVENSA, LLC.*, 369 F.3d 263, 269 (3d Cir. 2004). Here, as this Court has concluded that Temu's arbitration agreement is valid and enforceable, this Court will stay the claims against Temu. Accordingly, this matter will be administratively terminated and the burden will be on Plaintiff to notify this Court whether this case should be restored to the active docket.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Compel Arbitration is **GRANTED** and all claims against Temu are **STAYED** and administratively terminated pending arbitration. An appropriate order follows.

       /s/ Susan D. Wigenton     <br>
**SUSAN D. WIGENTON, U.S.D.J.**

5

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.